IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOME STATE COUNTY MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:17-cv-1315 |
| HOME DEPOT PRODUCT AUTHORITY, LLC | § § § | Jury Trial Requested |
| Defendant. | § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Home State County Mutual Insurance Company ("Home State") files this Original Complaint for Declaratory Relief and respectfully shows as follows:

### I.

### PARTIES

1. Plaintiff Home State County Mutual Insurance Company is a county mutual insurance company organized and existing under the laws of the State of Texas with its principal place of business in Texas. Therefore, Home State County Mutual Insurance Company is considered a citizen of the State of Texas.

2. Defendant Home Depot Product Authority, LLC is a foreign limited liability corporation organized and existing under the laws of the State of Georgia. On information and belief, Defendant Home Depot Product Authority, LLC's managers are considered Georgia citizens and no member or manager is a Texas citizen. Therefore, Home Depot Product Authority, LLC is considered to be a citizen of the State of Georgia. Home Depot Product Authority, LLC may be served through its registered agent, Corporation Service Company d/b/a

CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount. Home Depot Product Authority, LLC seeks coverage under a policy issued by Home State. The citizenship of Home State is completely diverse from the citizenship of the defendant in this suit. Home State is considered to be a citizen of the State of Texas. Defendant Home Depot Product Authority, LLC is considered a citizen of the State of Georgia. Therefore, no defendant is a citizen of Texas and complete diversity exists between Home State and Home Depot Product Authority, LLC. The amount in controversy exceeds $75,000.00, excluding interest and costs, because the claimant in the underlying action, for which insurance coverage is sought by Home Depot, expressly pleads for damages in excess of $1 million and the limits on the policy at issue exceeds the minimum jurisdictional amount.

4. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201-2202. An actual and substantial controversy exists between the parties. By this action, Home State seeks a declaration that it does not owe a duty to defend or indemnify Home Depot in connection with the underlying lawsuit styled *Daniel Carlos Ramirez vs. Empire Truck Lines, Inc., individually and Home Depot Product Authority, LLC, individually*, Cause No. 17-091-D in the 105th Judicial District Court of Kleberg County, Texas (the "*Ramirez* suit").

5. Daniel Carlos Ramirez ("Claimant" or "Ramirez") is the plaintiff in the *Ramirez* suit and seeks recovery of damages from Empire Truck Lines, Inc. ("Empire") and Home Depot Product Authority, LLC. A true and correct copy of the live petition in the Underlying Action, Plaintiffs' Original Petition (the "petition"), is attached as Exhibit A.

6. Claimant alleges in the *Ramirez* suit that he was an employee or independent contractor of Empire and hauling a load on an Empire trailer for Home Depot Product Authority, LLC on September 14, 2016. Ex. A ¶ V. Claimant alleges that while hauling the load in Texas the trailer brakes failed, causing a collision and personal injuries to Claimant. *Id.*

7. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Acts and omissions related to the insurance coverage at issue and the *Ramirez* suit occurred in Harris County, Texas, which is within this District and Division. The policy forming the basis of this suit was issued to named insured Empire Truck Lines, Inc., a Texas company, located at 10043 Wallisville Road, Houston, Texas. Home Depot Product Authority, LLC, through its counsel in Texas, issued a March 21, 2017 letter requesting coverage under the Home State policy that forms the basis of this suit. The *Ramirez* suit alleges Empire's trailer was defective and caused Claimant's injuries. On information and belief, Claimant was dispatched from Empire's Houston office and the trailer was owned and maintained by Empire in Houston. On information and belief, the load driven by Claimant was being transported under a Transportation Services Agreement between Empire and Home Depot U.S.A., Inc.

8. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because there is no district in which the action may otherwise be brought and defendant is subject to the court's personal jurisdiction with respect to this action.

9. In addition to the foregoing contacts, the Court has jurisdiction over Home Depot Product Authority, LLC because it contracts and conducts business within Texas, is a defendant in and has generally appeared in the *Ramirez* suit in Texas, and requested insurance coverage from Home State within Texas for the *Ramirez* suit. This request for declaratory judgment arises from and relates to Home Depot Product Authority, LLC's contacts with Texas and request for coverage under the policy issued by Home State in Texas to Empire.

## III.

## FACTUAL BACKGROUND

### A. THE HOME STATE POLICY

10. Home State County Mutual Insurance Company issued an Excess Indemnity Policy to named insured Empire Truck Lines, Inc., being Policy No. LET0010231, with a policy period of June 1, 2016 to June 1, 2017 (the "Policy"). The Policy has a self-insured retention of $100,000 for each coverage part and total aggregate limit of indemnity in excess of the self-insured retention payable for all coverages combined per occurrence in the amount of $1,900,000. The Declarations state that the Excess Coverages included in the Policy are Personal Injury, Property Damage, Physical Damage Comprehensive Loss to Covered Vehicles, and Physical Damage Collision Loss to Covered Vehicles. No other coverages are included, including Employers' Liability, Workers' Compensation, Uninsured and Underinsured Motorists, Personal Injury Protection, or Cargo Damage. The Policy is a public liability policy intended to comply with federal and Texas regulations.

11. The Trucker's Excess Indemnity Coverage provides excess indemnity coverage as specified in the Policy:

> **SECTION I. COVERAGES**
>
> "We" shall indemnify "you" for the "ultimate net loss," in excess of the "retained limit," which "you" have paid to a person or persons for loss arising out of an "occurrence" during the Policy Period in the conduct of "your" "trucking operations" arising out of the following:
> …

12. "Ultimate net loss" is defined in Section VI Definitions, paragraph BB, as "the total sums paid as 'damages' in settlement of a claim or in satisfaction of a judgment, including prejudgment and postjudgment interest, for which 'you' are legally liable, and for losses otherwise incurred for which coverage is provided under this Policy after making deductions for all other recoveries, salvages, and insurance, whether recoverable or not, contributions and reimbursements. 'Ultimate net loss' shall not include 'costs.'" "Damages" are defined in paragraph H as "monetary judgment or settlement paid by 'you.'" "Costs" are defined in paragraph E as "court 'costs,' investigation, adjustment and legal expenses incurred by 'you.' 'Cost' shall not include 'your' office costs and expenses, 'your' salaries and expenses of 'your' employees, or retainer fees of 'your' retained counsel."

13. The Policy addresses the defense of claims in Section II., Defense, and provides in part "A" that there is no duty to defend imposed on Home State:

> The first "Named Insured" shall fully investigate, settle, or defend all claims and shall conduct the defense and appeal in all actions, "suits" and proceedings commenced against it, any other insured, or "us" if "we" are named as a defendant.
>
> After giving written notice to "us" of any "occurrence" which might involve amounts in excess of the "retained limit," the first "Named Insured" shall submit quarterly reports to "us" concerning the status of any and all claims or losses and related litigation and shall provide complete copies of all investigation reports, correspondence, legal pleadings and reports of counsel

and all other pertinent claim material.  In all matters which might involve an amount in excess of the "retained limit," the first "Named Insured" has the duty to act in good faith and with due care with equal considerations for both its own interests and "our" interests.

The first "Named Insured" shall not commit "us" to any obligation or course of action likely to involve payment by "us" without "our" written consent.  Any payment, agreement, or other commitment by the first "Named Insured" to pay any amount in excess of the "retained limit" without "our" consent shall render any obligation of "ours" under this Policy to reimburse the first "Named Insured" null and void.

14. Accordingly, the Policy imposes no duty to defend on Home State.

15. The Policy also contains exclusions.  Exclusion "O" excludes "Any claims, 'suits,' actions or proceedings brought by or on behalf of any Insured against another Insured." Under Section III. WHO IS AN INSURED, "4. 'Your' employees are Insureds, but only for acts within the scope of their employment; including anyone driving a 'covered vehicle' with 'your' permission." "Your" is defined as the named insured (Empire). "Covered vehicle" is defined in is defined in Section VI.G. to mean "a land motor vehicle, trailer, or semitrailer, designed for use on public roads, including equipment permanently attached thereto, which is either: 1. Owned by the Insured, or 2. Not owned by the Insured while in his/her possession under a written agreement wherein he/she assumes liability for loss or damage while in his/her possession."

16. Moreover, the Who Is An Insured – Owner Operator endorsement includes owner operators.  The endorsement broadens the insureds to include "Owner Operators:" "'Owner Operator' means an owner or driver of an 'auto', other than a direct employee of the Insured, that is hired by the Insured to haul freight under contract."

17. Attached to the Policy is U.S. Department of Transportation, Federal Motor Carrier Safety Administration Form MCS-82, Motor Carrier Public Liability Surety Bond Under Sections 29 and 30 of the Motor Carrier Act of 1980.  Pursuant to the bond, the insurance carrier

agreed "to be responsible for the payment of any final judgment or judgments against the Principal [Empire] for public liability, property damage, and environmental restoration liability claims in the sums prescribed herein" subject to sections of the Motor Carrier Act and rules and regulations of the Federal Motor Carrier Safety Administration. The bond assures compliance by Empire and insures "to the benefit of any person or persons who shall recover a final judgment or judgments against the Principal [Empire] for public liability, property damage, or environmental restoration liability claims (excluding injury to or death of the Principal's employees while engaged in the course of their employment . . . .).

### B. THE EMPIRE/HOME DEPOT TRANSPORTATION AGREEMENT

18. On information and belief, Empire and Home Depot U.S.A., Inc. entered into a Transportation Services Agreement on November 23, 2011 reciting that Empire is in the business of transporting freight and agrees to provide transportation services to Home Depot. Empire agreed to operate the vehicles in full compliance with Federal Motor Carrier Safety Regulations.

### C. THE *RAMIREZ* SUIT

19. As described above, the *Ramirez* suit alleges that on September 14, 2016, Claimant Ramirez, "an employee of Defendant, Empire, or in the alternative at the very least an independent contractor, was the operator of a 2004 International Tractor Truck that was hauling a load for Defendant, Home Depot, in a 1997 Utility trailer owned by Defendant, Empire, with their consent and permission."

20. The *Ramirez* suit alleges that as Claimant Ramirez was travelling in Kleberg County he attempted to brake but the trailer brakes failed, causing him to skid, jackknife and collide with an object. The *Ramirez* suit alleges the trailer caught fire and Ramirez suffered various personal and economic damages. The *Ramirez* suit further alleges Empire and Home

Depot Product Authority, LLC were negligent in various respects and are liable to Ramirez. The *Ramirez* suit specifically references § 390.5 in Section VI.G., which includes independent contractors within the regulatory definition of "employee." The *Ramirez* suit seeks damages for personal injuries allegedly suffered while operating the truck identified in the Owner/Operator Lease Agreement to deliver a load on behalf of Empire.

### D. POST-RAMIREZ SUIT NOTICE

21. Home Depot Product Authority, LLC, by letter dated March 22, 2017, asserts that Empire agreed to indemnify and hold harmless Home Depot Product Authority, LLC for any claim arising out of the acts or omissions of Empire or its employees. Home Depot Product Authority, LLC asserts it demanded defense and indemnity from Empire for the *Ramirez* suit. Home Depot Product Authority, LLC states that to the extent it is afforded rights "under the CGL policy issued to Empire," it demands a defense and liability insurance coverage. Home Depot Product Authority, LLC further requests agreement that a defense will be provided, coverage will be provided to Empire for any liability Home Depot Product Authority, LLC may have in the *Ramirez* suit, and for reimbursement of attorneys' fees and legal expenses.

22. Home Depot Product Authority, LLC's claim for coverage is premised on the notion that it is an additional insured under the Blanket Additional Insured—Certificate of Insurance Holders endorsement. Subject to the terms of the endorsement, the endorsement states that a certificate holder to which Empire provided services for hire is an additional insured with respect to liability arising out of the operations of Empire if the certificate is received by the insurer prior to the loss.

23. Home State disputes that it owes any duty to defend because the Policy, unlike a CGL policy, imposes no obligation to defend. Home State further contends that exclusions apply

to negate any duty to indemnify.

24.     Home State is instituting a separate declaratory judgment action in Harris County District Court seeking declaratory relief against Empire and Ramirez.

## IV.

## DECLARATORY RELIEF

25.     Home State incorporates by reference the allegations stated above.

26.     All conditions precedent to the filing and maintenance of this action and for the relief requested have occurred or have been performed.

27.     A declaratory judgment is necessary to determine the rights of the parties to this suit concerning the Policy and the *Ramirez* suit.

28.     Home State seeks a declaratory judgment by this Court that the Policy does not provide coverage for loss or damage asserted in the *Ramirez* suit against Home Depot Product Authority, LLC or for defense or indemnity to Home Depot Product Authority, LLC.

29.     With respect to defense of the *Ramirez* suit, the Policy imposes no duty on Home State to provide a defense.

30.     With respect to the duty to indemnify, Exclusion "O" for suit "brought by or on behalf of any Insured against another Insured" bars any potential coverage under the Policy.

31.     Claimant Ramirez is an insured under the Policy.  Ramirez was driving a "covered vehicle" with Empire's permission at the time of the accident because he was transporting an Empire trailer for Empire.  He is also an insured as an "Owner Operator" because he was hired by Empire to haul freight under contract.

32.     For purposes of the Policy Claimant Ramirez is also considered an employee,[1] and as a result an insured.  Courts applying the definition of "employee" in public liability policies apply the regulatory definition of "employee," which is includes independent contractors.  Therefore, regardless of whether the true relationship is that of independent contractors, for purposes of the Policy Claimant Ramirez is considered an employee.[2]

33.     To overcome motor carriers' attempts to immunize themselves from liability by leasing trucks and classifying drivers as independent contractors, Congress enacted legislation to require interstate motor carriers to be responsible for the maintenance and operation of leased equipment and the supervision of borrowed drivers, thereby protecting the public from accidents and providing financially responsible defendants.  *See Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 472 n.5 (Tex. App.—Dallas 2016, pet. filed) (internal citation omitted).

34.     The regulations arising out of the legislation to protect the public apply to provide the definition of "employee" within the Policy.  The United States Court of Appeals for the Fifth Circuit has held, under analogous policies and circumstances, that the employee exclusion applies to claims by the independent contractor commercial driver against the commercial carrier.  *See, e.g., Consumer County Mutual Insurance Co. v. P.W. & Sons Trucking, Inc.*, 307 F.3d 362 (5th Cir. 2002); *see also Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469 (5th Cir. 2009).

35.     The Court recognized that although the Motor Carrier Safety Act places an affirmative insurance obligation on motor carriers with respect to protecting the public, the Act

---

[1] To ensure clarity, Home State states that this analysis and the allegations only apply to coverage under the Policy. Home State is not taking the position that Ramirez qualifies as an employee or that Empire is liable to Ramirez as an employer with respect to Ramirez's liability claims against Empire.

[2] To ensure clarity, Home State states that this analysis and the allegations only apply to coverage under the Policy. Home State is not taking the position that Ramirez qualifies as an employee or that Empire is liable to Ramirez as an employer with respect to Ramirez's liability claims against Empire.

does not require motor carriers to obtain coverage for injury to their employees. *Consumer County*, 307 F.3d at 366. The Court reasoned that the federal requirements mandating the insurance guide the interpretation of the insurance policy's terms. The federal regulations, in Section 390.5, eliminate the employee/independent contractor distinction in the definition of "employee." Section 390.5 provides in part:

> Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. **Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle)**, a mechanic, and a freight handler. Such term does not include an employee of the United States, any State, any political subdivision of a State, or any agency established under a compact between States and approved by the Congress of the United States who is acting within the course of such employment.
>
> Employer means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it, but such terms do not include the United States, any State, any political subdivision of a State, or an agency established under a compact between States approved by the Congress of the United States.

36. The Court concluded that the regulatory definition of "employee" applied to the insurance policy. Accordingly, the driver was an "employee" of the insured regardless of whether he would have been considered an employee or an independent contractor at common law, and the policy's employee exclusions applied to preclude coverage. *Id.* at 367; *see also Ooida*, 579 F.3d at 473-74.

37. Claimant Ramirez is an insured under the Policy on multiple grounds. He was driving a "covered vehicle" with Empire's permission at the time of the accident, was an Owner Operator at the time of the accident, and is also considered an "employee." Exclusion "O" bars coverage because the *Ramirez* suit involves an insured's suit against another insured.

## V.

## **JURY DEMAND**

38.     Home State requests that this civil action be tried before a jury.

## VI.

## **PRAYER**

39.     Wherefore, Home State County Mutual Insurance Company respectfully requests judgment against all other parties to this action as follows:

>   1. A declaration that the Home State policy does not provide coverage to Home Depot Product Authority, LLC for the *Ramirez* suit or for any damages that could be awarded in the *Ramirez* suit;

>   2. A declaration that no duty to defend or indemnify on Home State exists or can arise out of the *Ramirez* suit; and

>   3. For such other and further relief in law or equity to which Home State is justly entitled.

Dated: April 27th, 2017.

Respectfully submitted,

/s/ Greg K. Winslett

_____

GREG K. WINSLETT
Attorney-In-Charge
State Bar No. 21781900
S.D. Tex. Bar No. 13078
gwinslett@qslwm.com

BRENT LEE
Of Counsel
State Bar No. 24036959
S.D. Tex. Bar No. 821509
blee@qslwm.com

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

4821-6449-2103, v. 1